JOHNSON, J.,
dissents and assigns reasons.
|,1 respectfully dissent from the majority’s decision to reverse the court of appeal and reinstate the defendant’s conviction and sentence for possession of stolen things in excess of $500.
Defendant, and five others, including her asthmatic daughter and a woman who was seven months pregnant with twins, rode out Hurricane Katrina in defendant’s Mar-rero apartment. Contending with dwindling resources and rampant crime, the group decided, after two days, to attempt to walk to the Superdome. After being twice denied entry to the Superdome, during which time the group braved a night on the Crescent City Connection that nearly resulted in Defendant’s ten year-old daughter being abducted, the group returned to the Marrero apartment only to find it had been burglarized and the family’s few remaining supplies of food and water were stolen.
Amidst these conditions, the Defendant learned that some men in the neighborhood, one of whom was known to her, had cars to sell in an open lot in her neighborhood. Defendant was able to purchase a Toyota Tundra truck and a Toyota Solara automobile for $2,200, total. Although the seller did not have the usual sale documents, he promised to deliver them to defendant. It is significant that the seller |2had keys to the vehicles, the cars did not appear to be “hot wired,” nor were the steering columns broken.
With these two vehicles, Defendant was able to evacuate the group to her mother’s home in Houma. For the next two months, Defendant and her son used the cars openly, until the police informed them that the cars were stolen. Defendant and her son were arrested and charged with possession of stolen property over $500.
Defendant and her son were tried before a jury that found Defendant guilty, but did not convict her son. Defendant was sentenced to three years at hard labor. The court of appeal reversed the district court, stating:
we conclude that any rational trier of fact, after viewing all of the evidence as favorably to the prosecution as possible, would have reasonable doubt as to Ms. Calloway’s guilt. Particularly, no rational trier of fact could have found that, under these circumstances, Ms. Callo-way knew or had good reason to believe that the vehicles were stolen.
I agree with the finding of the majority on the First Circuit panel that concluded from defendant’s testimony that she had no idea the vehicles had been stolen from a local dealership. The majority took into account that defendant was a self-described “unsophisticated buyer” who “had no driver’s license and had never owned or purchased a car before.” State v.Callo-way, 07-0012, p. 10 (La.App. 1st Cir.11/7/07) 978 So.2d 374, 379. Thus, “as she testified at trial, she had no way of knowing the value of the vehicles she purchased.” Id.
Given the time frame when the defendant purchased the vehicles, this was a time when her neighborhood “was swiftly descending into total chaos around her and her family,” id., and the fact that she and her son then continued to use the vehicles *425 openly in Houma, without “attempt[ing] to disguise or camouflage [them] in any |sway,” id., 07-0012 at 11, 978 So.2d at 880, the majority concluded that “any rational trier of fact, after viewing all of the evidence as favorably to the prosecution as possible, would have a reasonable doubt as to Ms. Calloway’s guilt.” Calloway, 07-0012 at 12, 978 So.2d at 380.
The majority may have concluded that this case represents much ado about nothing since Defendant had already completed her three (3) year sentence, and was on parole, by the time the court of appeal overturned her conviction. The district court denied defendant an appeal bond, although L.S.A-C.Cr.P. art. 332 C clearly mandates that bail shall be allowed when the actual sentence imposed is five years or less.